MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

TAI S. MILDER (CABN 267070)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    E-Mail: tai.milder2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY DOMINO, <br><br> Defendant. | No. 15-MJ-70236 MAG-1 (KAW) <br><br> **[PROPOSED] ORDER DETAINING DEFENDANT ANTHONY DOMINO PENDING TRIAL** <br><br> Date: March 4, 2015 <br> Time: 9:30 a.m. <br> Court: Hon. Kandis A. Westmore |

    Defendant Anthony Domino is charged in a criminal complaint with violations of Title 18, United States Code, Section 1951(a) (Robbery Affecting Commerce) and Title 18, United States Code, Section 371 (Conspiracy to Commit Robbery Affecting Commerce).  These charges against the defendant are pending in the District of Colorado, in Case No. 15-MJ-01026.

    On February 27, 2015, the defendant made an initial appearance following his arrest pursuant to Rule 5 of the Federal Rules of Criminal Procedure.  On that date, the United States moved for the defendant's detention pursuant to 18 U.S.C. § 3142, and requested a detention hearing, as permitted by 18 U.S.C. § 3142(f).

1       On March 4, 2015, this Court held a detention hearing pursuant to 18 U.S.C. § 3142(f).  After
2  considering the Pretrial Services report, the charges filed in this case, the proffers by both parties, and
3  the factors set forth in 18 U.S.C. § 3142(g), the Court ordered the defendant detained, finding that the
4  government had met its burden of showing by clear and convincing evidence that no condition or
5  combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person
6  and the community.  *See* 18 U.S.C. §§ 3142(e) and (f).  In addition, the Court made the finding that the
7  government had met its burden of showing by a preponderance of the evidence that no condition or
8  combination of conditions will reasonably assure the appearance of the defendant.  *See United States v.*
9  *Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).  In particular, the Court noted that the defendant had
10 suffered two previous convictions related to firearms, that the instant offense was committed while the
11 defendant was under court supervision, and that bench warrants had been issued in two of the
12 defendant's previous cases.

13      The defendant is therefore ordered detained as no condition or combination of conditions in 18
14 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the safety of any
15 other person and the community.

16      Defendant is committed to the custody of the Attorney General or a designated representative for
17 confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving
18 sentences or held in custody pending appeal.  *See* 18 U.S.C. § 3142(i)(2).  Defendant must be afforded a
19 reasonable opportunity to consult privately with counsel.  *See* 18 U.S.C. § 3142(i)(3).  On order of a
20 court of the United States or on request of an attorney for the government, the person in charge of the
21 corrections facility must deliver defendant to the United States Marshal for a court appearance.  *See* 18
22 U.S.C. § 3142(i)(4).

24      IT IS SO ORDERED.

26 Dated: March 5, 2015

27                                         HON. KANDIS A. WESTMORE
                                           United States Magistrate Judge
28

[~~PROPOSED~~] DETENTION ORDER
No. 15-MJ-70236 MAG